The Chief Justice
delivered the opinion.
This was an action of assumpsit brought by Calmes a-. gainst Cave’s executors.
The plaintiff, in bis declaration, alledges that Cave, the testator, in his lifetime, had erected a dam across Clear creek, whereby the waters overflowed five or six acres of the plaintiff’s land; and Cave Wishing to secure the dam forthe use of a water grist mill, procured, from (Re county court, of Woodford county, having jurisdiction thereof, a writ of ad quod damnum directed to the sheriff', who af-terwards executed the same; and the jury, by their inquest, found that the plaintiff would he damaged to the amount of $85; and at the October term, 1815, of said court, the inquest was returned and the mill established; the record of which proceedings is profered in court. Whereby the plaintiff'avers the said Cave became liable to pay to the plaintiff the said sum of $85; and being so liable after-wards, to wit, on the day of October, 1815, at the circuit aforesaid, undertook and faithfully promised the plaintiff that he would pay him the said sum of $85 whenever thereto requested; and then concludes by assigning a breach in the non-payment thereof by Cave, in bis lifetime, and by his executors since his death.
The defendants having craved oyer of the record of the proceedings profered in the declaration, demurred to the declaration, and pleaded non-assumpsit, — The circuit court adjudged the declaration sufficient, and overruled the demurrer, and on the trial of the issue joined upon the plea, the plaintiff obtained a verdict and judgment; to which the defendants prosecute this writ of error.
The assignment of error questions, not only the correctness of the decision of the circuit court in adjudging the declaration sufficient, but the propriety of sundry opinions delivered in the progress of the trial, to which exceptions *37 were taken by the defendants. Before we proceed however, to examine the latter, it seems proper that we should enquire whether the declaration is sufficient, or not, to maintain the'action; not only because it is the question first in order, but because, if the declaration should be held to be insufficient, it will be unnecessary to notice the other points.
tion of aclara withoutleave by which an-¿a1^ a »bichan aotfonforehe bul WJÜ sustain as-sumpsit for lie Udm i£es-
¡n the payment oí tile dai5'“-condition, k if d'e datn ^ihre'"⅛⅜⅞ given, the payment of as'sP!fg¿ an ¡íciicn for the nuisance,
w|,^ ¡njurea by the erection °r adi*w>!las recover'the0 ¡j.mages fotmd, the e, plicanu»p'y the damages altogether,
The inundation of the plaintiff’s lands, occasioned by the erection of the dam b} Lave, before he hadjeave to do so by the order of the county court, vías no doubt a nui-sanee; and we apprehend it is equally clear, that the con tinuance of the dam was a continued nuisance, standing the order giving leave to Cave to build the dam. For the leave was granted, as is usual in such cases, upon bis paying the $85, the damages assessed by the jury.— The payment of the $85 was therefore a precedent condition, upon which alone be could have rightfully erected the dam, if it had not been before erected, and ot course it was a precedent condition upon which the continuance of the dam could become legalized. Consequently the coulinu-anee of the dam, as weli as its erection, was a nuisance to the plaintiff, for which Cave was liable. But his liability arose not ex contractu but ex delicto, and the plaintiff’s remedy, independent of anj promise made by Cave, would have been, not an action of assumpsit, but an action on the case for the torti in such an action the plaintiff'would have had a right to recover such damages as he had sustained by the nuisance; but be Could not have demanded the specific sum of $85. The verdict of the jury upon the writ of ad quod damnum, though between the same parties, and in relation to the same subject, was not upon the same point, as would have heen involved in an action for the nuisance; for i|i the latter the jury could only give damages for the lime past to the commencement of the action; whereas, in the former the jury were bound to assess the damages for all time to come. The verdict, therefore, not being upon the same point, would not be obligatory upon the parties, and could give the plaintiff no right in an action for the nuisance, to recover the sum assessed by the jury on the writ of-ail quod damnum.' Nor could the order of the county court, giving Cave leave to build the dam, upon his paying $85, confer upon the plaintiff a light to demand that sum. Cave might, indeed, in virtue of the erder, have extinguished the piaintiii’s right to recover for *38 the nuisance bv the payment of the $85; but it was at hi» option Whether he would do so or not; and if lie did not do. só, and chose to abide the consequence, the right of the plan ! iff would remain, notwithstanding the order, the same as it was, a right to recover such damages as he had sustained by the nuisance.
Areerc mke ü. f-í ⅛- d m.-.ges o-t fc'-ir’ ⅛* action for the nukance, nop a*b»s^Ufn*~a si.úi;S'it is a mere uncord without Ivoidd’not ^ bar tbe suit for lie nui-sanee.
The plainlif then having no right to demand the $85, and it being in the option of' Cave whether he would pay it or not, he could not be said to be under a legal liability to make the payment; and as the promise laid in the declaration is «Hedged to have been made solely on the consideration of Cave’s supposed liability to pay that sum, when, in truth hi was not liable, there isa failure of the consideration, and of course the promise cannot be binding.
But admitting Cave’s liability to pay tbe 35 dollars, and that the plaimiff had a right, in an action for the nuisance, to recover that sum, would it follow that an action could be niaintaiBed upon Cave’s promise to pay it? We think it would not. Such a promise would be no bar to the action for*^ «uisance, and would be without consideration. We know that where there is a right of action, a release of the right, or a suspension or forbearance of suit, will be a good ?°hsideration for a promise. But'here there is no release °* the right, or suspension or forbearance of suit alledged* The promise, on the supposition we have made, is simply do What Cave was bound lo do, and what the plaintiff had a nght to demand Such a promise is at most but a mere accord without satisfaction; and it is well settled, that an accord without satisfaction is neither a bar to aa action upon tb'e original case, nor a ground for' a new action: 1 Bac. Abr. title Accord, letter A. and the authorities, there cited.
The declaration is therefore insufficient, and the circuit court consequently erred in overruling the demurrer to it.
Judgmeni must be reversed with costs, and tbe cause be remanded (hat a judgment may ^e entered for the defendí ants upon the demurrer.